Gerald H. Goldstein, Goldstein, Goldstein & Hilley, San Antonio, Clifton L. Holmes, Longview, for relators.

Jack Skeen, Jr., Dist. Atty., Tyler, for respondent.

**Jesse Harold MAULDIN and Johnny Howard Mauldin, Relators,**

**v.**

**The Honorable William E. COATS, Judge, Seventh Judicial District Court of Smith County, Texas, Respondent.**

No. 12–89–00273–CR.

Court of Appeals of Texas, Tyler.

Nov. 17, 1989.

### ORIGINAL PROCEEDING

COLLEY, Justice.

In this proceeding, Jesse Harold Mauldin and Johnny Howard Mauldin, Relators, seek a writ of mandamus compelling the recusal of the Honorable William E. Coats, Respondent in the underlying criminal prosecutions of Relators.[1]

On November 1, 1989, we granted Relators' motion for leave to file the petition for writ of mandamus, and stayed further proceedings in the underlying criminal cases. On November 7, 1989, we heard oral argument on submission of the cause. On consideration of the record, the briefs and arguments of the parties, we have concluded that Relators' petition should be denied.

---

**1.** In Cause Nos. 7–88–263 and 7–88–266 on the docket of the 7th Judicial District Court of Smith County, Texas.

On March 29, 1988, Respondent signed an order authorizing the placement of a device or apparatus known as a digital pager. The pager was a duplicate of a pager leased or owned by Relator Jesse H. Mauldin. The record, including the briefs of the parties, demonstrates that the device in question is a duplicate "display" pager assigned to the telephone number of Relator Jesse Harold Mauldin (214/531–6789). The pager is equipped with a screen capable only of displaying numbers. When and if another person sought to contact Relator Jesse Harold Mauldin by telephone at that number, and if no person answered the call within some short period of time, the caller was electronically instructed to leave a message by touching or pulsing into his own telephone set, a number or numbers. Thereafter, the numbers touched or pulsed are transmitted by radio to the duplicate paging device which sounds a "beep" or other audible electronic tone, and then displays on its screen the numbers touched by the caller. Under the record it appears that the numbers' message is not permanently stored or recorded by the duplicate pager.

Relators contend that the pager is a device capable of intercepting wire or oral communications as those terms are defined in Tex.Code Crim.Proc.Ann. art. 18.20, § 1(1), (2), and (3) (hereinafter article 18.-20), and that although Judge Coats was not authorized under article 18.20 to order the use of the pager, when he did, he thereby became disqualified from sitting in the prosecution of the cases below by virtue of article 18.20, section 9(h), reading:

> A judge who issues an order authorizing the interception of a wire or oral communication may not hear a criminal prosecution in which evidence derived from the interception may be used or in which the order may be an issue.

Relators argue that because the device is capable of displaying a *coded* message in the form of numbers, it is a device, the use of which is governed by the provisions of article 18.20, and hence section 9(h) of that article casts an absolute duty on Judge Coats to recuse himself in the cases. We do not agree.

The statute defines "intercept" to mean "the aural acquisition of the contents of a wire or oral communication through the use of an electronic, mechanical, or other device." Tex.Code Crim.Proc.Ann. art. 18.-20, § 1(3) (Vernon Supp.1989).[2] The information, if any, obtained by the use of the duplicate digital pager was captured visually. It did not have the capability to achieve the "aural acquisition" of a communication's contents. Therefore, Judge Coats' order for the use of the duplicate digital pager was not that type of order contemplated by article 18.20, section 9(h), which disqualifies its author from hearing the prosecution. Accordingly, article 18.20, section 9(h) is inapplicable. Therefore, if error was committed by the court in authorizing the use of the pager by law enforcement officials, that error, and the question of the admissibility at trial of the information acquired by its use, may be adequately reviewed on appeal. We conclude that the error, if any, does not operate to create a clear legal duty requiring Judge Coats' *recusal* in the cases. *Smith v. Flack*, 728 S.W.2d 784, 789 (Tex.Cr.App.1987). Therefore we lift our temporary stay of proceedings in the underlying cases and deny Relators' petition for writ of mandamus.

---

**2.** The version of article 18.20 applicable to the cause before us.